People v Amazon.com (2022 NY Slip Op 03081)





People v Amazon.com


2022 NY Slip Op 03081


Decided on May 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2022

Before: Renwick, J.P., Friedman, Mendez, Pitt, JJ. 


Index No. 450362/21 Appeal No. 15693M-01146 Case No. 2021-03934 

[*1]The People of the State of New York, etc., Plaintiff-Respondent,
v
Amazon.com., et al., Defendants-Appellants, HR Policy Association, Amicus Curiae, The Chamber of Commerce of the United States of America, Amicus curiae.


Gibson, Dunn & Crutcher LLP, Washington, D.C. (Jason C. Schwartz of the bar of the District of Columbia and State of Maryland, admitted pro hac vice, of counsel), for appellants.
Letitia James, Attorney General, New York (Ester Murdukhayeva of counsel), for respondent.
Fisher & Phillips LLP, New York (Seth Kaufman, G. Roger King and Gregory Hoff of counsel), for HR Policy Association, amicus curiae.
Hunton Andrews Kurth LLP, New York (Jennifer L. Bloom and Shawn Patrick Regan of counsel), for The Chambers of Commerce of the United States of America, amicus curiae.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about October 18, 2021, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, and the motion granted. The Clerk is directed to enter judgment accordingly.
The complaint alleges that defendants (collectively, Amazon) repeatedly and persistently failed to institute reasonable health and safety measures at its facilities (the JFK8 fulfillment center and the DBK1 delivery station) during the COVID-19 pandemic to protect its workers from COVID-19, in violation of Labor Law § 200, and retaliated against workers who raised related complaints about safety conditions, in violation of Labor Law §§ 215 and 740.
Contrary to the motion court, we find that the Labor Law §§ 215 and 740 claims alleging retaliation against workers based, in part, on their participation in protests against unsafe working conditions plainly relate to the workers' participation in "concerted activities for the purpose of . . . mutual aid or protection," i.e., activities that are protected by the NLRA (Hoesten v Best, 34 AD3d 143, 154 [1st Dept 2006]), and therefore that the claims are preempted (see San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v Garmon, 359 US 236, 242-243 [1959]). Where conduct is clearly protected or prohibited by the NLRA, the NLRB, and not the states, should serve as the forum for disputes arising out of the conduct (id.). As no exception to Garmon preemption, including the local interest exception, applies to claims that are clearly covered by the NLRA (see Brown v Hotel & Rest. Empls. & Bartenders Intl. Union Local 54, 468 US 491, 502-503 [1984]), these claims must be dismissed with no further analysis.
Even if the claims were only "arguably protected" by the NLRA and therefore application of the local interest exception was not foreclosed (see id.), and even assuming the State made a sufficient showing of a "'deeply rooted'" State interest in protecting employees against retaliation for protesting workplace safety conditions under its police powers that might, in some circumstances, be a basis for an exception from Garmon preemption (see Brown, 468 US at 502-503), the exception would not properly be applied in this case. There is a proceeding pending before the National Labor Relations Board (NLRB) involving essentially the same allegations of retaliation, and the possibility of inconsistent rulings on the same issue poses an "obvious and substantial" "risk of interference with the [NLRB's] jurisdiction" (Local 926, Intl. Union of Operating Engrs., AFL-CIO v Jones, 460 US 669, 682-683 [1983]).
The Labor Law § 200 claim seeking a permanent injunction requiring Amazon to undertake policies consistent with COVID-19 workplace guidelines issued by the State must be dismissed as moot, as the State has withdrawn the public health guidance that the claim seeks to enforce, including [*2]by prospective injunctive relief.
M-01146 — People of the State of New York v Amazon.com, et al. Motion for leave to file supplemental documents, granted. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022